The Honorable Jimmie Lou Fisher State Treasurer 220 State Capitol Little Rock, Arkansas 72201
RE: RETURNED CHECK FEE
Dear Ms. Fisher:
We are writing in response to your request by Weldon B. McWhirter, Chief Deputy, for our opinion whether the State Treasurer may charge state employees a $15 fee for personal checks that are returned unpaid and, if so, the account to which such fee should be credited. You indicate that the State Treasurer, in the regular course of business, has authorized the state's cashiers to cash personal checks for state employees.
Based upon the reasoning which follows, it is our opinion that no state law prohibits the Treasurer from charging such a fee. That fee should be credited to the State Central Service's [Services] Fund, which was created by Act 945 of 1987.
As you are probably aware, the fee charged by various entities in the private sector (e.g. banks, grocery stores) for insufficient fund checks is not governed by statute, but rather is a matter of agreement between the parties to which general contract principles are applied. As a rule, the check cashing entity notifies its customers of its intention to charge a fee for returned checks, usually by posting reasonable notification of the charge prior to assessing it. Customers who thereafter cash checks are deemed to have tacitly agreed to the service charge in return for having their checks cashed.
Our research of Arkansas law did not disclose any statutory prohibition against the State Treasurer's charging such a fee. However, we suggest that notice of the fee be posted conspicuously at the places where the Treasurer offers the check cashing service and we further suggest that this be published as a regulation in the Administrative Procedure Manual pursuant to Ark. Stat. Ann. 13-354 (Repl. 1979).
The bad check fees collected by the Treasurer should be deposited in the State Central Services Fund created by Act 945 of 1987. According to Act 945, that fund "shall consist of . . . all earnings and income collected by any of those agencies set out in (13-511(B))," which includes the State Treasurer. 1987 Ark. Acts 945, 3(e)(1)(i). The fund itself is to be used for the maintenance, operation and improvement of various agencies, including the State Treasurer. Id.
We hope that the foregoing will prove of material benefit to you. This opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills. If we can be of further assistance, please advise.
cc: Weldon B. McWhirter, Chief Deputy State Treasurer's Office